ORIGINAL

# In the United States Court of Federal Claims

FILED

MAR 5 2014

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| JOHN VERNON SCHNELL, | ) No. 13-840C |
| | ) (Filed: March 5, 2014) |
| Plaintiff, | ) |
| | ) Motion to Dismiss for Lack of Subject |
| v. | ) Matter Jurisdiction; RCFC 12(b)(6); |
| | ) Tucker Act Jurisdiction; 28 U.S.C. § |
| THE UNITED STATES OF AMERICA, | ) 1491; Statute of Limitations; 28 U.S.C. |
| | ) § 2501; Military discharge |
| Defendant. | ) |

*John Vernon Schnell*, Roxboro, NC, Plaintiff, pro se.

*Joseph E. Ashman*, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

KAPLAN, Judge.

The above-captioned case is before the Court on the government's motion to dismiss. The plaintiff, John Vernon Schnell, appearing pro se, is a former active duty seaman in the Navy. He alleges that he was adversely treated by his superiors in retaliation for his complaints of sexual harassment and his criticism of safety procedures. Mr. Schnell further contends that the Navy's failure to investigate his complaints resulted in his discharge from the Navy at a lower rank. Mr. Schnell alleges that he is still suffering adverse emotional and psychological effects from his alleged mistreatment and that the Navy has failed to implement measures to address the issues that led to his discharge. Mr. Schnell requests $9,707,534.21 in monetary damages.

The government contends that the complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims

("RCFC") because Mr. Schnell failed to raise his claims within six years of his discharge from the military and identify a money-mandating statute upon which this Court may exercise jurisdiction. It also contends that to the extent that Mr. Schnell is alleging a claim for intentional infliction of emotional distress, that claim would sound in tort and hence would be outside of this Court's Tucker Act jurisdiction.

For the reasons set forth below, the government's motion is granted.

## BACKGROUND

John Vernon Schnell served on active duty as a seaman in the Navy for several nonconsecutive terms in the 1980s and 1990s. Def.'s Mot. to Dismiss 1. He was given a general discharge under honorable conditions on April 14, 1997. Id. Mr. Schnell alleges that during his time in the Navy, he was sexually harassed and punished for bringing safety concerns to the attention of his superiors. Compl. 4-11.

In December 2010, Mr. Schnell submitted an Application for Correction of Military Records to the Board for the Correction of Naval Records ("BCNR"), seeking a change in his discharge status, repayment of monies, reinstatement of rank, and the granting of retirement. Def.'s Mot. to Dismiss 1-2. The BCNR denied Mr. Schnell's application in September 2011. Id. at 2.

Thereafter, Mr. Schnell appealed the BCNR decision in district court. Id. In his complaint before the district court, Mr. Schnell also raised claims for relief under the equal protection clause relating to the alleged incidents of sexual harassment and retaliation aboard Navy vessels. Def.'s Mot. to Dismiss App. at 6. On the government's motion, the magistrate judge assigned to the case recommended that the case be dismissed without prejudice to allow Mr. Schnell to pursue his improper discharge claim in the Court of Federal Claims. Def.'s Mot.

to Dismiss 2. The district court adopted the magistrate's recommendation and denied Mr. Schnell's subsequent motion to transfer the case to the Court of Federal Claims based on its conclusion that Mr. Schnell's claim was most likely barred by the Tucker Act's six-year statute of limitations. Def.'s Mot. to Dismiss App. at 1 (Schnell v. Panetta, No. 1:12CV679 (M.D.N.C. Sept. 30, 2013). Following the district court's decision, Mr. Schnell brought the instant suit in this Court.

## DISCUSSION

The United States Court of Federal Claims is a court of limited jurisdiction that, pursuant to the Tucker Act, may hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The Tucker Act serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

In ruling on a motion to dismiss, the Court assumes all undisputed factual allegations to be true and construes all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). In considering a motion to dismiss for lack of subject matter jurisdiction, the court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). The plaintiff bears the burden of establishing subject matter

jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013). Pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

In this case, plaintiff has failed to establish that his claims are within the jurisdiction of this Court. Under 28 U.S.C. § 2501 (2006), the Tucker Act jurisdiction of the Court of Federal Claims is limited to claims "filed within six years after such claim first accrues." Martinez v. United States, 333 F.3d 1295, 1304 (Fed. Cir. 2003). The six-year limitations period is jurisdictional in nature because it is a condition of the government's waiver of sovereign immunity. Id. at 1316. Consequently, the statute of limitations is strictly construed. John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133-34 (2008).

A claim against the government accrues "when all the events have occurred which fix the liability of the government and entitle the claimant to institute an action." FloorPro, Inc. v. United States, 680 F.3d 1377, 1381 (Fed. Cir. 2012) (quoting Goodrich v. United States, 434 F.3d 1329, 1333 (Fed. Cir. 2006)); Japanese War Notes Claimants Assoc. v. United States, 373 F.2d 356, 358 (Ct. Cl. 1967). The plaintiff need not have actual knowledge of all the relevant facts for the statute of limitations to start running. Floor Pro, Inc., 680 F.3d at 1381.

The gravamen of Mr. Schnell's complaint appears to consist of a claim for reinstatement, back pay, and benefits lost in connection with his discharge from military service. A claim for back pay based on a service member's separation from active duty accrues at the time of his or her discharge. See Martinez, 333 F.3d at 1304. Mr. Schnell's claim, accordingly, accrued on April 14, 1997 (the date of his discharge), and the six-year statute of limitations, 28 U.S.C. §

2501, began to run on that date. Mr. Schnell's complaint was filed in this Court on October 28, 2013, a decade after the limitations period had expired. As a result, the Court lacks subject matter jurisdiction to consider Mr. Schnell's claim for reinstatement, back pay, and benefits lost arising from his general discharge under honorable conditions. See, e.g., White v. United States, 101 Fed. Cl. 673, 677 (2011) (court lacked jurisdiction where plaintiff's claim was filed 22 years after plaintiff's discharge from the Navy); Chisolm v. United States, 82 Fed. Cl. 185, 198 (2008) (court lacks jurisdiction where plaintiff failed to bring claim within six years of discharge from the Army).

In addition to being time-barred, Mr. Schnell's other claims for damages are, in any event, also beyond the jurisdiction of the Court. Mr. Schnell's claim for damages for mental anguish can best be analogized to a claim for intentional infliction of emotional distress. This Court lacks jurisdiction over such claims because they "soun[d] in tort." 28 U.S.C. § 1491(a)(1); see also 28 U.S.C. § 1346(b) (2006) (district courts have exclusive jurisdiction under the Federal Tort Claims Act (FTCA) to hear tort claims against the United States); Wood v. United States, 961 F.2d 195, 197 (Fed. Cir. 1992). Mr. Schnell also requests that damages be awarded in order to implement his plans to, among other things, improve the Navy's leadership, and implement new safety protocols, new personnel procedures, and sexual harassment training. Compl. App. 1 at 1-2. Even if these claims were not time-barred, the Court does not have jurisdiction to entertain them because Mr. Schnell has not identified a money-mandating statute that supports an award of damages for these purposes. See Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("Plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right of recovery of money damages against the United States.").

## CONCLUSION

On the basis of the foregoing, the government's motion to dismiss is **GRANTED,** and the Clerk is directed to dismiss Plaintiff's complaint without prejudice pursuant to RCFC 12(b)(1).

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge